IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR SHAWN SHAHEED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Civil Action No. 23-808 |
| ) | |
| ONIKA TANYA MARAJ PETTY and ) | |
| ISIS NAIJA GASTON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

*Pro se* Plaintiff Omar Shawn Shaheed previously filed a Motion to Proceed In Forma Pauperis, along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket Nos. 1, 1-1). After reviewing Plaintiff's IFP Motion, the Court entered a Memorandum Order on May 19, 2023, finding that he was without sufficient funds to pay the required filing fee and granting him leave to proceed in forma pauperis. (Docket No. 4 at 1). As to Plaintiff's proposed Complaint, the Court found that the Complaint, as pled, failed to state a claim on which relief may be granted, and dismissed the Complaint without prejudice to Plaintiff filing an Amended Complaint to the extent that he could state a plausible claim for relief. (*Id.* at 3). To the extent Plaintiff wished to file an Amended Complaint, he was ordered to do so by June 5, 2023, or the case would be closed. (*Id.* at 4). On May 24, 2023, Plaintiff filed an Amended Complaint. (Docket No. 6).

Turning to Plaintiff's Amended Complaint, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to screen and dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Brown v. Sage*, 941 F.3d 655, 659 (3d Cir. 2019).

In analyzing whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Heffley v. Steele*, 826 F. App'x 227, 230 (3d Cir. 2020) (citation omitted).

To that end, to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Given that Plaintiff is proceeding *pro se*, the Court liberally construes his Amended Complaint and employs less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, there are limits to the Court's procedural flexibility - "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

A review of Plaintiff's Amended Complaint indicates that he once again purports to allege a copyright infringement claim against Defendants. (*See* Docket No. 6). Plaintiff alleges the following: he wrote original lyrics ("Keep It A Stack") on May 15, 2015; Defendants repeated his original lyrics in their new song, Princess Diana; he wants what is owed to him for Defendants making a derivative; his lyrics are protected by "copy rights" because they were created and fixed in a tangible form; his lyrics can be found by executing a particular search on YouTube; and he demands "100% of publishing money" plus $150,000 from both Defendants. (*Id.*).

Plaintiff's allegations in his Amended Complaint are insufficient to plausibly allege a copyright infringement claim. In order to state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). Plaintiff's Amended Complaint contains no such allegations.

Regarding the ownership element, registration of a copyright is a requisite to bringing a copyright infringement claim. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" (citing 17 U.S.C. § 411(a)).[1] As the Supreme Court explained, "registration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights."[2] *Id.* Furthermore, registration of a copyright occurs "not when

---

[1] Section 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

[2] While there are limited circumstances in which a party may file an infringement suit before undertaking registration, "[e]ven in these exceptional scenarios . . . the copyright owner must eventually pursue registration in order to maintain a suit for infringement." *Fourth Estate*, 139 S. Ct. at 888.

an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Id.* at 892. Here, Plaintiff has not alleged ownership of a valid copyright, as he has not alleged that he has registered a copyright for the lyrics in question. Without a registered copyright, Plaintiff's claim cannot be sustained. As such, Plaintiff's Amended Complaint fails to state a claim on which relief may be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing the Court to screen and dismiss a complaint for failure to state a claim on which relief may be granted).

For the foregoing reasons, Plaintiff's purported copyright infringement claim is deficient, and the Court concludes that it would be futile to allow another amendment. It is well established that "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002). Here, the Court not only previously gave Plaintiff an opportunity to amend his original Complaint, but also explained that his copyright infringement claim was deficient because it failed to allege the requisite enumerated elements of such a claim. (*See* Docket No. 4 at 2-3). Plaintiff's Amended Complaint fails to cure the deficiencies that necessitated dismissal of the original Complaint. Therefore, affording Plaintiff another opportunity to amend his claim would be futile.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 25th day of May, 2023, IT IS HEREBY ORDERED that Plaintiff's Amended Complaint, (Docket No. 6), is DISMISSED WITH PREJUDICE.

The Clerk of Court shall mark this case closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc: Omar Shawn Shaheed (via U.S. mail)
620 Sixth Street, Apt. 1003
Braddock, PA 15104